# United States District Court
# Northern District of Indiana
# Hammond Division

| FRANK MCALLISTER, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 2:07-CV-141 JVB |
| TOWN OF BURNS HARBOR; and JERRY L. PRICE, individually and in his capacity as chief police officer of the Town of Burns Harbor Police Department; | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on Defendants' motions to exclude the proposed expert testimony of Dr. Raja Devanathan, Dr. Bruce Thoma, and Dr. Mohammed Zeitoun. (DEs 102, 103, and 104.)

### A.     Background and Facts

This is an action brought under 42 U.S.C. § 1983. Plaintiff's complaint arises out of the aftermath of an automobile accident on March 1, 2006, in Burns Harbor, Indiana. He claims that Defendant Price used excessive force in removing him from his car following the accident, and that he thereby suffered a broken right hip and other injuries. New counsel appeared for Plaintiff on May 27, 2011.

Defendants seek to exclude trial testimony from (1) Dr. Devanathan, Plaintiff's treating pulmonologist, that the pleural effusion Plaintiff suffered after the incident is consistent with traumatic injury, including being kneed in the back; (2) Dr. Thoma, Plaintiff's treating

orthopedic surgeon, that Mr. McAllister's hip fracture is consistent with a fall, and that the most common cause of such fractures is a fall; and (3) Dr. Zeitoun, Plaintiff's endocrinologist, that Mr. McAllister's actions and demeanor before and during the course of the March 1, 2006, incident were consistent with a diabetic hypoglycemic episode.

Defendants argue that these doctors were not timely disclosed as experts under Federal Rule of Civil Procedure 26(a)(2), that no expert reports have been provided as required by that rule, and that, in the absence of such reports, the Court cannot determine whether they are qualified to testify as experts under Federal Rule of Evidence 702. Plaintiff claims that Plaintiff's former counsel did disclose Dr. Thoma as an expert in a letter to Defendants' counsel dated May 27, 2008; that Defendants have not been prejudiced by Plaintiff's disclosure of these witnesses as experts after the October 15, 2008, deadline Judge Cherry established; that they are not required to submit expert reports; and that the witnesses are qualified to testify as experts under Federal Rule of Evidence 702.

**B.     Legal Standards**

Federal Rule of Civil Procedure 26(a)(2) state the disclosure requirements that apply when an expert witness is employed for trial:

> (A) *In General*. In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.
>
> (B) *Witnesses Who Must Provide a Written Report*. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the

2

party's employee regularly involve giving expert testimony.

In *Meyers v. National Rail Road Passenger Corp.*, 619 F.3d 729, 734-35 (7th Cir. 2010), the Seventh Circuit Court of Appeals held that a treating physician who is offered to provide expert testimony as to the cause of the plaintiff's injury, but who did not make that determination in the course of providing treatment, should be deemed to be one retained or specially employed to provide expert testimony in the case, and must submit an expert report in accordance with Rule 26(a)(2).

Federal Rule of Civil Procedure 37(c)(1) describes the possible consequences of not making the disclosures required by Rule 26(a):

> (1) **Failure to Disclose or Supplement.** If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
> > (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
> >
> > (B) may inform the jury of the party's failure; and
> >
> > (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Federal Rule of Evidence 702 sets out the standards the Court must employ for screening proposed expert testimony :

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form

of an opinion or otherwise, if (1) the testimony is based upon
sufficient facts or data, (2) the testimony is the product of reliable
principles and methods, and (3) the witness has applied the
principles and methods to the facts of the case.

**C.     Analysis**

(1)     *Dr. Thoma*

Defendants assert that Dr. Thoma was not disclosed as an expert until July 26, 2011. Plaintiff responds that Dr. Thoma was disclosed as an expert in correspondence dated May 27, 2008, well in advance of the October 15, 2008, deadline, and notes that he was deposed on June 20, 2008. Defendants reply that neither party has possession of the correspondence, but do not deny that the disclosure was made as Plaintiff claims.

A review of Dr. Thoma's deposition reveals that he stated he could not say whether a motor vehicle accident or a fall to the ground caused Plaintiff's hip injury. He did testify that Plaintiff's hip fracture is consistent with a fall and that the most common cause of hip fractures is a fall. Because neither statement constitutes testimony as to the cause of Plaintiff's injury, neither statement comes within the holding of *Myers*.[1]  Accordingly, the Court determines that

---

[1] Federal Rule of Civil Procedure 26(a)(2) was amended effective December 1, 2010, to add a new subdivision C, which provides:

> (C) *Witnesses Who Do Not Provide a Written Report*. Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:
> (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
> (ii) a summary of the facts and opinions to which the witness is expected to testify.

At least one decision has held that this amendment overcomes the holding in *Meyers*. *See Coleman v. Am. Family Mut. Ins.*, 274 F.R.D. 641(N.D. Ind. 2011). According to the Committee Notes to the amendment, it "resolves a tension that has sometimes prompted courts to require reports under Rule 26(a)(2)(B) even from witnesses exempt from the requirement." Rule 26 (Committee Notes, 2010 amendments). The Notes continue: "A witness who is not required to provide a report under Rule 26(a)(2)(B) may both testify as a fact witness and also provide expert testimony under Evidence Rule 702, 703, or 704. Frequent examples include physicians or other

because Dr. Thoma is a treating physician who was not specially employed to provide expert testimony, who will not testify that Defendant Price's actions caused Plaintiff's injuries, he was not required to submit an expert report.

Dr. Thoma should, however, have been disclosed as an expert before October 15, 2008. On the record before it, the Court is unable to determine when Dr. Thoma was disclosed as an expert but concludes that even if the disclosure did not take place until July 26, 2011, Defendants have not been harmed. Defendants have known of the opinions they seek to exclude since they deposed Dr. Thoma on June 20, 2008. The Court doubts that Defendants have any genuine disagreement as to the validity of either statement. Accordingly, even if a report were required, Plaintiff's failure to produce it was also harmless.

With regard to whether the Court can determine if Dr. Thoma is qualified to testify as to these facts and opinions, Defendants do not dispute that Dr. Thoma is a board certified orthopedic surgeon and the doctor who repaired Plaintiff's hip. These facts alone convince the Court that he qualifies as an expert in this case by knowledge, experience, training, and education, that his testimony is based on sufficient data, and that he applied his knowledge, experience, and training reliably to the facts of the case. *See Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999) (stating that trial courts must be accorded latitude in deciding how to test an expert's reliability, and allowing that in "ordinary cases" the reliability of an expert's methods is properly taken for granted). Accordingly, Defendants' motion to exclude this testimony is DENIED.

---

health care professionals." *Id.* However, the amendment did not purport to alter who is required to provide an expert report. The Court cannot conclude, on the basis of the Committee Notes, that *Meyers* is no longer valid.

(2)     *Dr. Zeitoun*

Dr. Zeitoun is Plaintiff's endocrinologist. Plaintiff concedes that he was not disclosed as an expert until July 26, 2011. Defendants had no knowledge of his potential testimony until then. He did not treat Plaintiff in connection with the incident of March 1, 2006. Because he was not disclosed as an expert in a timely manner, and the Court is unable to conclude that the failure was substantially justified or harmless, his expert testimony will be excluded. As a treating physician, he may testify as to his treatment of Plaintiff.

(3)     *Dr. Devanathan*

Dr. Devanathan is a pulmonologist who treated Plaintiff in the aftermath of the March 1, 2006, incident. He too was first disclosed as an expert on July 26, 2011. Defendant has not been able to obtain his treatment records and had no reason to believe he would testify as an expert until then, ninety days before trial. Because he was not timely disclosed as an expert, and the Court is unable to conclude that the failure was substantially justified or harmless, his expert testimony will also be excluded. As a treating physician, he may testify as to his treatment of Plaintiff.

**D.     Conclusion**

The Court **GRANTS** Defendant's motion to exclude the proposed expert testimony of Dr. Devanathan (DE 102). The Court **DENIES** Defendant's motion to exclude the proposed

expert testimony of Dr. Thoma (DE 103). The Court **GRANTS** Defendant's motion to exclude the proposed expert testimony of Dr.Zeitoun (DE 104).

SO ORDERED on October 13, 2011.

> s/ Joseph S. Van Bokkelen
> Joseph S. Van Bokkelen
> United States District Judge